387 S.E.2d 122

**Glenna NOBLES**

v.

**George SIDIROPOLIS, Commissioner of the West Virginia Department of Motor Vehicles.**

**No. 18925.**

Supreme Court of Appeals of West Virginia.

Nov. 16, 1989.

**218**

Paul E. Jordan, Asst. Atty. Gen., Charleston, for George Sidiropolis.

Daniel F. Hedges, Charleston, for Glenna Nobles.

BROTHERTON, Chief Justice:

George Sidiropolis, Commissioner of the West Virginia Department of Motor Vehicles (DMV), appeals from the March 1, 1988, order of the Circuit Court of Kanawha County, ordering the restoration of Glenna Nobles' driver's license, which was revoked on August 2, 1987, after her insurance coverage was cancelled by her carrier.

After the DMV received notice of the cancellation of the automobile liability insurance coverage on Ms. Nobles' 1980 Chevrolet Chevette from Federal Kemper Insurance Company, effective June 1, 1987, Ms. Nobles was notified by regular mail on June 12, 1987, of the pending suspension of both her driver's license and motor vehicle registration. This initial notice directed Ms. Nobles to forward certain information relating to proof of insurance to the DMV. However, the DMV received no response from Ms. Nobles.

Thereafter, the DMV mailed a Notice of Pending Suspension to Ms. Nobles, at her current address, by certified mail. However, the certified letter, which advised Ms. Nobles of her right to an administrative hearing, was returned unclaimed. Ms. Nobles' driving privilege was revoked on August 1, 1987.

In September, 1987, Ms. Nobles notified the DMV that her 1980 Chevrolet Chevette was not in operating condition, but that the vehicle was junked one month prior to the cancellation of her insurance and she had not obtained new insurance because she intended to wait until she purchased a new vehicle. In October, 1987, when Ms. Nobles' counsel requested an administrative hearing, the request was denied as untimely. Ms. Nobles never remitted her operator's license to the DMV as required by W.Va.Code § 17B-3-9 (1986) and the *West Virginia Code of State Rules* (W.Va. C.S.R.) § 91-16-4.1 (eff. April 2, 1986).

On December 1, 1987, Ms. Nobles filed a petition for a writ of mandamus in the Circuit Court of Kanawha County. A stay of the license revocation order was entered on this date and remained in effect until March 1, 1988, when the lower court ordered the DMV to restore to Ms. Nobles her operator's license.

The appellant DMV now claims that it is aggrieved by three of the lower court's findings which, the DMV contends, are contrary to the law and impose great burdens upon the Department. First, the lower court found that the initial notice that the DMV sent to Ms. Nobles by regular mail should have informed Ms. Nobles of her right to a hearing. Second, the court found that the Notice of Pending Suspension, in which Ms. Nobles was informed of her right to a hearing and which was sent by certified mail and returned unclaimed,

should have been resent by regular mail. Finally, the court found that the ninety-day suspension period ran from the date of the revocation order and not from the date the Department received the operator's license.

■ The DMV concedes that the lower court was correct in its opinion that the initial notice mailed to Ms. Nobles did not afford her an opportunity to explain why she did not have insurance. However, the DMV states that it has alleviated this problem by drafting a new notice in which the individual is informed that they may contact the DMV to discuss relevant information concerning the cancellation of their insurance.[1]

The DMV argues, however, that the lower court erred in ruling that an individual should be informed of a right to an administrative hearing in the initial notification form. It is the DMV's position that no right or privilege is subject to deprivation at this stage of the proceedings and, furthermore, the Department would be severely burdened if it were required to hold a hearing at this point.

■ We agree that it is unnecessary to inform an individual of a right to an administrative hearing in the initial notice. Careful examination of the applicable statutes and rules reveals that the legislature apparently intended to give a vehicle owner ample opportunity to provide the DMV with necessary insurance information before suspension of both the owner's vehicle registration and operating privileges.

West Virginia Code § 17D–2A–7(c) (1989) states, in part:

(c) No person shall have his operator's or chauffeur's license or motor vehicle registration suspended or revoked under any provisions of this section *unless he shall first be given written notice of such suspension or revocation sent by certified mail, at least twenty days prior to the effective date of such suspension or revocation, and upon such person's written request, sent by certified mail, he shall be afforded an opportunity for a hearing* thereupon as well as a stay of the commissioner's order of suspension or revocation and an opportunity for judicial review of such hearing.... (Emphasis added.)

The specific notice forms and procedures used by the DMV in conformity with this statute are discussed in W.Va.C.S.R. § 91–13–5. Upon receiving a cancellation notice from an insurer pursuant to W.Va.Code § 17D–2A–5(a), W.Va.C.S.R. § 91–13–5.2.1 states that:

... the Commissioner shall within fifteen days, send by regular mail, notice to the vehicle owner that the Department has received a cancellation notice from the insurer. The notice shall request that the vehicle owner provide the Commissioner with a new certificate of insurance showing that the cancellation notice was in error and that a new certificate of insurance was issued after the insurance company sent a cancellation notice to the

---

1. We encourage the DMV to utilize this type of revised notice. Furthermore, we advise the DMV that if the two forms attached to their briefs to this Court are copies of the actual notice forms which are sent to individuals pursuant to W.Va.Code § 17D–2A–7(c) and W.Va. C.S.R. §§ 91–13–5.2.1 and 5.2.2, then the titles on each form are also in need of changes.

Attached to the DMV's brief as Exhibit 1 is a form entitled "NOTICE OF PENDING SUSPENSION" which, it appears clear to this Court, is actually the first notice that an individual receives by regular mail, as is discussed in W.Va. C.S.R. § 91–13–5.2.1. West Virginia Code § 17D–2A–7(c) contemplates only that a notice of suspension or revocation will be sent by certified mail at least twenty days before the effective date of the suspension or revocation. This is the form we believe the DMV has misla

belled "OFFICIAL NOTICE—ORDER OF SUSPENSION" but which is, in fact, the Notice of Pending Suspension. The Notice of Pending Suspension, discussed in W.Va.Code § 17D–2A–7(c) and W.Va.C.S.R. § 91–13–5.2.2, is sent by certified mail and it gives the individual facing suspension or revocation a final opportunity to provide the DMV with requested information relevant to proof of insurance.

An individual who does not have copies of the DMV's actual notification forms, the West Virginia Code, and the West Virginia Code of State Rules in front of him is not likely to discover the discrepancies in these forms. Nevertheless, for the sake of accuracy and clarity, we urge the DMV to make the necessary changes so that the notification forms are consistent with the statute and rules with which they are designed to comply.

Department, or coverage was subsequently obtained from a different company.

If the vehicle owner does not respond to this request for information within twenty days, W.Va.C.S.R. § 91–13–5.2.2 then provides that "the Commissioner shall send a notice of pending suspension of operating privileges and motor vehicle registration by certified mail. The notice shall grant the vehicle owner an additional twenty days to provide the requested information." If the vehicle owner then fails to respond within twenty days from the date of the notice of pending suspension sent by certified mail, W.Va.C.S.R. § 91–13–5.2.3 states that "a suspension of the motor vehicle operating privileges and motor vehicle registration shall be entered and an order directed to the Superintendent of Public Safety pursuant to § 17A–9–7 and § 17B–3–9."

■ After examining the overall legislative scheme, we conclude that an individual is afforded adequate due process protection by W.Va.Code § 17D–2A–7(c), which permits an individual to request a hearing after he receives written notice of suspension or revocation (the Notice of Pending Suspension), sent by certified mail at least twenty days before the effective date of the suspension or revocation.[2]

■ We disagree as well with the lower court's finding that the notice in which Ms. Nobles was informed of her right to a hearing, and which was sent by certified mail and returned unclaimed, should have been resent by regular mail. The certified mailing of the Notice of Pending Suspension is all that is required by the West Virginia Code and Department rules. The DMV states that if it were required to not only send suspension notices by certified mail, but also resend them by regular mail,

it would place a great financial and administrative burden upon the Department. This burden is certainly unnecessary in light of the fact that an individual is given notification of the pending suspension by regular mail twenty days before the actual Notice of Pending Suspension is sent by certified mail.

■ Finally, the lower court also held that the DMV unlawfully suspended Ms. Nobles' driving privilege for more than ninety days because the order of revocation was dated August 1, 1987, and as of March 1, 1988, the Department had not reinstated her privilege. We note that although Ms. Nobles' license was revoked on August 1, 1987, the effect of the revocation was stayed by order of the Circuit Court of Kanawha County for the period from December 1, 1987, to March 1, 1988.

The DMV argues that W.Va.Code § 17B–3–9 (1989) and W.Va.C.S.R. § 91–16–4.1 make it clear that the actual revocation period begins to run only when the driver's license is surrendered to the DMV. We agree. West Virginia Code § 17B–3–9 directs that "[t]he Department, upon suspending or revoking a license shall require that such license shall be surrendered to and be retained by the Department. . . ." According to W.Va.C.S.R. § 91–16–4.1 (eff. April 2, 1986), "[a]ll time periods provided in the West Virginia Code for eligibility for reinstatement of a drivers license shall be calculated from the date of receipt by the Commissioner of all operator's and chauffeur's licenses pursuant to the suspension or revocation order entered." In this case, the Commissioner never received Ms. Nobles' driver's license pursuant to the August 1, 1987, revocation order. Therefore, the lower court's conclusion that Ms. Nobles' driving privilege was unlawfully sus-

---

**2.** The individual is informed that:

UPON YOUR WRITTEN REQUEST THE COMMISSIONER OF MOTOR VEHICLES WILL ALLOW YOU AN OPPORTUNITY TO AN ADMINISTRATIVE HEARING. SUCH WRITTEN REQUEST MUST BE FILED WITH THE COMMISSIONER IN PERSON OR BY CERTIFIED MAIL, WITHIN TEN (10) DAYS AFTER RECEIPT OF THIS ORDER OF SUSPENSION.

IF YOU FAIL TO REQUEST A HEARING WITHIN TEN (10) DAYS OR TO RETURN YOUR LICENSE PLATE AND DRIVERS LICENSE BEFORE THE DMV SUSPENSION DATE ABOVE, AN ORDER WILL BE DELIVERED TO THE STATE POLICE TO SECURE YOUR LICENSE PLATE AND DRIVERS LICENSE.

pended for more than ninety days was clearly erroneous.

Having concluded that the lower court erred in its rulings below, we hereby reverse the March 1, 1988, order of the Circuit Court of Kanawha County.

Reversed.