423 S.E.2d 900

**Donald B. HANCOCK, Plaintiff Below, Appellee,**

v.

**Jane L. CLINE, Commissioner, Department of Transportation, for the State of West Virginia, Defendant Below, Appellant.**

**No. 20907.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 1992.

Decided Nov. 13, 1992.

Mario J. Palumbo, Andrew F. Tarr, Jennifer E. Blair, Charleston, for appellant.

No appearance for appellee.

**PER CURIAM:**

The appellant, Jane L. Cline, Commissioner of the West Virginia Department of Motor Vehicles, appeals from the June 14, 1991 order of the Circuit Court of Kanawha County, reinstating the driver's license of the appellee, Donald B. Hancock. The appellee's driver's license had been revoked for a period of one year when the appellee refused to undergo a breathalyzer examination upon his arrest for driving under the influence of alcohol. The revocation period did not begin until the appellee's license was surrendered to the Department of Motor Vehicles (DMV). The trial court found that the revocation period began to run *prior* to the surrender of the appellee's license to the DMV, and thus reinstated the appellee's driver's license. Because this finding is contrary to the requirements of *W.Va.Code*, 17B–3–9 [1988] and 7 *West Virginia Code of State Rules*, § 91–16–4.1 (eff. April 2, 1986), we reverse the order of the trial court.

In this case the appellee was arrested for driving under the influence of alcohol on February 19, 1990 in South Charleston. The record shows that the appellee surrendered his driver's license to the arresting officer during his arrest, but that the appellee then attempted to resist arrest.

During the ensuing struggle between the arresting officer and the appellee, the appellee's driver's license was lost. Apparently, the appellee's driver's license was found several days later by an unknown party, and returned to either the appellee or his mother.

On March 13, 1990, the appellee was sent a form letter from the DMV notifying him that his license had been revoked for "one year and thereafter until all costs assessed as a result of any revocation hearing have been paid." The form letter notified the appellee of his responsibility to surrender his driver's license to the DMV. It stated:

> [I]n accordance with the provisions of Chapter 17C, Article 5, Section 7 of the Code of West Virginia, your license to operate a motor vehicle in this State is revoked and any West Virginia driver's license issued to you must be returned to this department within ten (10) days after receipt of this ORDER.
>
> . . . .
>
> IF YOU FAIL TO RETURN YOUR DRIVER'S LICENSE OR TO REQUEST A HEARING within the ten (10) day period, an ORDER will be delivered to the STATE POLICE to secure your driver's license. You will then be required to pay an additional $50.00 PENALTY FEE.

The appellee did not surrender his driver's license within the ten day period. Nor did the appellee seek an administrative hearing to stay the order of the DMV. Therefore, on May 1, 1990, a police officer was sent to the appellee's residence to secure the driver's license. The appellee did not inform the officer that the driver's license had been returned to him. He signed a note stating only that he had surrendered his driver's license at the time of his arrest.

At one point either before or after the attempt to secure the appellee's driver's license by the police officer, the appellee or his mother gave the driver's license to the appellee's lawyer. At a judicial proceeding in September of 1990, apparently regarding criminal charges facing the appellee in regard to his arrest for driving under the influence of alcohol, the arresting officer observed the appellee's driver's license in the possession of the appellee's lawyer. The arresting officer advised the lawyer to surrender the appellee's license to the DMV. The lawyer promptly complied with this advice.

The DMV received the appellee's driver's license on September 17, 1990. Thereafter, the DMV revoked the appellee's driver's license until September 17, 1991, and until the appellee paid $65.00 in fees.

On May 21, 1991, the appellee sought a writ of mandamus and a writ of prohibition to issue against the Commissioner of the DMV in the Circuit Court of Kanawha County. The appellee contended before the trial court that because there had been no

> allegation, information, or proof that the operator's license of the [appellee] was utilized in any way between the dates of February 19, 1990 and September 17, 1990 and was, in fact, only in the possession of the [appellee] for a matter of hours from and after its discovery on the streets of South Charleston until the same were [sic] tendered to his counsel and subsequently maintained by his counsel until tendered to the Department of Motor Vehicles on September 17, 1990;

that the revocation period should have begun to run on March 13, 1990, the date the DMV informed the appellee his driver's license had been revoked. The appellee sought to compel the DMV to reinstate and return his driver's license and to prohibit the DMV from retaining the same.

On June 14, 1991, the Circuit Court of Kanawha County granted the relief sought by the appellee. In granting the relief, the trial court stated:

> The Court finds that the facts and circumstances of this case are such that the [DMV] has as a result of said facts and circumstances discharged all criminal and civil penalties imposed by law relating to the underlying criminal offense committed by the [appellee] in this matter inasmuch as the [appellee] has discharged his criminal sentence and further from the uncontradicted evidence the [appellee] has not operated a motor vehicle on the highways of the State of

West Virginia from and after the date of his arrest of February 19, 1990, when the Court finds that the [appellee] did tender his driver's license to [the arresting officer].

In granting the relief herein, and making the findings herein by the Court, the Court is not passing upon the statutes and regulations of the State of West Virginia but is finding as an uncontradicted matter of fact and as a matter of law that the public policy of the State of West Virginia has been complied with by the [appellee] and that the [appellee] has discharged all criminal and civil and administrative requirements as provided by law.

This appeal followed.

Upon appeal to this Court, the DMV contends that the trial court committed reversible error when it reinstated the appellee's driver's license prior to September 17, 1991. For the following reasons, we agree.

The appellee does not challenge the DMV's finding that he refused to undergo a breathalyzer examination upon his arrest for driving under the influence of alcohol. *W.Va.Code*, 17C–5–7 [1986] states, in pertinent part: "For the first refusal to submit to the designated secondary chemical test, the commissioner shall make and enter an order revoking such person's license to operate a motor vehicle in this state for a period of one year." The sole question before this Court is determination of the date the revocation period began.

An argument similar to the one advanced by the appellee was advanced in *Nobles v. Sidiropolis,* 182 W.Va. 217, 387 S.E.2d 122 (1989). In that case we noted that: "West Virginia Code § 17B–3–9 [1988] directs that '[t]he Department, upon suspending or revoking a license shall require that such license shall be surrendered to and be retained by the Department....'" 182 W.Va. at 220, 387 S.E.2d at 125. We also found that 7 *West Virginia Code of State Rules* § 91–16–4.1 (eff. April 2, 1986) requires that revocation periods not begin to run, for purposes of reinstating a revoked license, until the date a driver's license has been surrendered to the DMV. In syllabus point 3 we stated:

'All time periods provided in the West Virginia Code for eligibility for reinstatement of a drivers license shall be calculated from the date of receipt by the Commissioner of all operator's and chauffeur's licenses pursuant to the suspension or revocation order entered.' 7 *West Virginia Code of State Rules* § 91–16–4.1 (eff. April 2, 1986).

In this case the appellee clearly understood his obligation to surrender his driver's license to the DMV from March 13, 1990 onward. Instead, at some point, he gave possession of his driver's license to his lawyer. He did not surrender his driver's license, or request his lawyer to surrender his driver's license, until September 17, 1990. Therefore, the one-year time period provided for in *W.Va.Code,* 17C–5–7 [1988] for eligibility to reinstate the appellee's driver's license must be calculated from September 17, 1990, the date the Commissioner of the DMV received the appellee's driver's license pursuant to the March 13, 1990 revocation order. The order of the trial court reinstating the appellee's driver's license on June 14, 1991 must be reversed, and the appellee's driver's license must be revoked for the remainder of the one-year period.

Based upon the foregoing, the June 14, 1991 order of the Circuit Court of Kanawha County is reversed.

Reversed.