STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**ERVIN PAGE, JR., Surety,**
**Petitioner**

**FILED**

**June 3, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0409** (Boone County 14-F-72 and 14-B-149)

**STATE of WEST VIRGINIA and**
**DAVID D. GRIFFY, SR.,**
**Defendant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Ervin Page, Jr., by counsel, Timothy J. LaFon, appeals the Circuit Court of Boone County's order denying his motion to set aside the bond forfeiture entered in defendant David D. Griffy, Sr.'s (hereinafter "Griffy") criminal actions. Petitioner posted bond for Griffy in his underlying criminal matters and upon Griffy's failure to appear for trial, the circuit court ordered the bond forfeited, entered a judgment of default, and ordered the judgment executed. Upon petitioner's motion to set aside the forfeiture, the circuit court found that the requirements of West Virginia Code § 62-1C-9 (1965) were satisfied and denied petitioner's motion. The State, by counsel, Jonathan E. Porter, filed a summary response in support of the circuit court's order.

This court has considered the parties' briefs, oral arguments, and the appendix record on appeal. Under the limited circumstances presented in this case and because of the clear error committed below, we find a memorandum decision reversing the circuit court appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure. As explained below, we conclude that the circuit court erred by failing to employ the analysis required in syllabus point three of *State v. Hedrick*, 204 W. Va. 547, 514 S.E.2d 397 (1999) and therefore reverse and remand for further proceedings as necessary and entry of an order consistent herewith.

## I. FACTUAL AND PROCEDURAL HISTORY

The facts of this case are somewhat difficult to discern given the scant appendix record provided. Nevertheless, it appears that on May 6, 2014, Griffy was indicted on three counts of nighttime burglary, grand larceny and conspiracy and placed on bond in Criminal Action No. 14-F-72.[1] Griffy's bond was apparently thereafter revoked and he was remanded to the Southwestern Regional Jail. Thereafter, on July 8, 2014, Griffy was charged in Boone County

---

[1] The parties fail to identify the precise charges against Griffy, nor does the record contain any charging documentation. This information is gleaned from the docket sheet.

1

Magistrate Court with receiving and transferring stolen property in Criminal Action No. 14-B-149.[2] Bond for the two matters was set at $120,000.00 on August 19, 2014. On August 20, 2014, a bond was posted by petitioner and Griffy's mother, Edna Griffy, in the amount of $120,000.00.[3] A condition of the bond required Griffy to report to home confinement within twenty-four hours of posting bond, which he failed to do.

Trial in Griffy's criminal matter was set for September 9, 2014, for which a jury was assembled and a witness transported from jail. Griffy failed to appear for trial. Two days later on September 11, 2014, the State moved to forfeit the bond. On September 22, 2014, the circuit court ordered the bond forfeited and a judgment of default against the bond entered; the court stayed the order until an October 16, 2014, show cause hearing and ordered the circuit clerk to provide ten days' notice of the hearing to Ms. Griffy and petitioner as required by West Virginia Code § 62-1C-9.[4] As to petitioner, the circuit clerk sent three notices to three separate addresses: the first two were returned for insufficient address and "no such address."[5] The third was simply unclaimed. Neither petitioner nor Ms. Griffy appeared at the hearing; therefore, on December 4, 2014, the circuit court entered an order of execution on the bond.

Two days prior to the entry of the above order of execution, on December 2, 2014, petitioner moved to set aside the bond forfeiture arguing that he did not receive ten days' notice of the show cause hearing. Moreover, petitioner stated, upon information and belief, that the reason Griffy did not appear for his trial was because he was incarcerated in South Carolina. A hearing on the motion to set aside was held on February 10, 2015, at which hearing petitioner

[2] The State's motion to forfeit the bond at issue in this case indicates that while on bond for the charges in Criminal Action No. 14-F-72, Griffy was 1) charged with shoplifting and possession of a stolen vehicle on June 24, 2014; 2) charged with felony fleeing from an officer in a vehicle on May 16, 2014; and 3) charged and indicted for grand larceny, possession of a stolen vehicle, obstructing and fleeing from officers on foot from an incident occurring in February, 2014. It is unclear whether the Magistrate Court charges in 14-B-149 stem from or are the same as any of these incidents/charges.

[3] The bond placed an encumbrance on two pieces of petitioner's property and two pieces of Edna Griffy's property. Ms. Griffy did not apparently challenge the bond forfeiture below and consequently does not appear as a party in this appeal.

[4] "When a forfeiture has not been set aside, the court . . . shall enter a judgment of default and execution may issue thereon: Provided . . . [t]hat if the deposit for bail be by a person other than the defendant . . . such person making the deposit . . . *shall be given ten days' notice by certified mail at his last-known address to appear and show cause why a judgment of default should not be entered.*" (emphasis added).

[5] Notice was sent to 188 B Rutledge Road, Charleston, West Virginia, which was returned as "insufficient address." A second notice was sent to 324 Call Road, Charleston, West Virginia, which was returned as "no such address." The third was sent to 388 Call Road, Charleston, West Virginia, which was unclaimed and returned to sender on October 3, 2014, thirteen days before the show cause hearing.

failed to appear because he was likewise incarcerated. A transcript of this hearing is not contained in the appendix record.

On April 8, 2015, the circuit court entered an order denying the motion to set aside the bond forfeiture. As to the notice issue, the circuit court found that petitioner was provided notice at "the addresses . . . that were known by the clerk of this Court[.]"[6] As to the forfeiture issue, the circuit court found that Griffy was apprehended "well after" the show cause hearing and that petitioner did nothing to ensure Griffy complied with his required "report-in" at home confinement, despite being advised by Griffy's counsel that he did not report.[7] The court further found that petitioner "gave no information" nor "played any role in the capture and arrest of the defendant." Finally, the court found that petitioner "had the opportunity to file a bail piece, withdrawing his bail posting," but failed to do so. This appeal followed.

## II. STANDARD OF REVIEW

In the seminal case outlining the standards for bond forfeiture, as discussed more fully *infra*, this Court held that "[a] trial court's decision on whether to remit, under Rule 46(e)(4) of the West Virginia Rules of Criminal Procedure, a previously forfeited bail bond will be reviewed by this Court under an abuse of discretion standard." Syl. Pt. 1, *Hedrick*, 204 W. Va. 547, 514 S.E.2d 397. Moreover, "[t]he surety bears the burden of establishing that the trial court abused its discretion in refusing to remit, pursuant to Rule 46(e)(4) of the West Virginia Rules of Criminal Procedure, all or part of a previously forfeited bail bond." Syl. Pt. 2, *Id.* With these standards in mind, we proceed to the parties' arguments.

## III. DISCUSSION

Petitioner argues that the circuit court erred by failing to conduct the required analysis set forth in *Hedrick* and that further, he was deprived of due process by not receiving proper notice of the show cause hearing. The State counters that the circuit court "implicitly" applied the *Hedrick* factors, as relevant to this particular case, and therefore committed no reversible error.

Forfeiture and/or setting aside of forfeiture is governed by West Virginia Code § 62-1C-7 through -12 and as incorporated into West Virginia Rule of Criminal Procedure 46. West Virginia Rule of Criminal Procedure 46, provides, in part, that "[i]f there is a breach of condition of a bond, the circuit court shall declare a forfeiture of the bail." W.V.R. Crim. Proc. 46(e)(1); *see* W. Va. Code § 62-1C-7 (2008). However, "[t]he court may direct that a forfeiture be set

---

[6] There is no indication in the record from where these addresses were derived. Petitioner's counsel stated during oral argument that at least one of them was an address provided in the bond paperwork.

[7] The discrepancy between petitioner's motion and the court's order about whether Griffy was incarcerated in North Carolina or South Carolina is unexplained. Moreover, there is nothing in the record to indicate when or why Griffy was apprehended out of state, or when and how he was returned to West Virginia. The docket sheet, however, does suggest that he was ultimately returned as activity on his criminal charges resumed.

aside, upon such conditions as the court may impose, *if it appears that justice does not require the enforcement of the forfeiture*." W.V.R. Crim. Proc. 46(e)(2) (emphasis added); *see* W. Va. Code § 62-1C-8 (1965). In that regard, this Court developed particularized and extensive guidelines for lower courts to utilize in determining whether a bail bond should be set aside or remitted, in whole or in part:

> When a trial court is asked to remit all or part of a previously forfeited bail bond, pursuant to Rule 46(e)(4)[8] of the West Virginia Rules of Criminal Procedure, the court *shall* consider the following criteria to the extent that they are relevant to the particular case under consideration: (1) the willfulness of the defendant's breach of the bond's conditions; (2) the cost, inconvenience and prejudice suffered by the government as a result of the breach; (3) the amount of delay caused by the defendant's default and the stage of the proceedings at the time of his or her disappearance; (4) the appropriateness of the amount of the bond; (5) the participation of the bondsman in rearresting the defendant; (6) whether the surety is a professional or a friend or member of the defendant's family; (7) the public interest and necessity of effectuating the appearance of the defendant; and (8) any explanation or mitigating factors presented by the defendant. These factors are intended as a guide and do not represent an exhaustive list of all of the factors that may be relevant in a particular case. All of the factors need not be resolved in the State's favor for the trial court to deny remission in full or in part. Moreover, it is for the trial court to determine the weight to be given to each of these various factors.

Syl. Pt. 3, *Hedrick*, 204 W. Va. 547, 514 S.E.2d 397 (emphasis added) (footnote added).

There appears to be little question that the circuit court, at least in its order, did not expressly or comprehensively address the *Hedrick* factors. At best, the circuit court addressed the first—willfulness of breach—and fifth—petitioner's lack of effort in apprehending Griffy—factors.[9] The circuit court's order fails entirely to address the cost, inconvenience and prejudice to the State, the amount of delay caused, the appropriateness of the amount of the bond, the precise identity of the surety, and the public interest in effectuating Griffy's appearance. Moreover, to whatever extent these factors were considered not to be relevant, the order makes

---

[8] "Remission" of a forfeited bail bond is governed by West Virginia Rule of Criminal Procedure 46(e)(4), but provides merely that bond may be remitted "under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision."

[9] In fairness to the circuit court, however, petitioner appeared in his motion to simply be arguing about notice. Petitioner made merely an oblique reference to equity in his motion, noting briefly that since Griffy was in custody in South Carolina, he would be subject to extradition. Since a transcript of the hearing is not in the appendix, it is unclear if the parties augmented their arguments orally to specifically address the *Hedrick* factors or if the circuit court more fully addressed the factors.

no such finding.[10] We recognize that our holding in *Hedrick* is issued with the caveat that the factors "are not exhaustive," are to be analyzed only as "relevant in a particular case," and are to be given the weight deemed appropriate by the circuit court. However, it is plain that an analysis under the construct of *Hedrick* is mandatory as evidenced by the language indicating the circuit "*shall* consider the following criteria . . ." Syl. Pt. 3, *Hedrick* (emphasis added). To whatever extent the non-exhaustive factors in Hedrick are inapplicable, irrelevant, or even inadequate under the circumstances, it is incumbent upon the circuit court to indicate as much, along with any supportive findings or analysis.

As should be apparent, however, our decision does not purport to pass on the issue of whether or not forfeiture is warranted under the particular facts and circumstances of this case. Without question, the circuit court has extraordinarily broad latitude in assessing the *Hedrick* factors and their effect on an impending forfeiture. Nothing herein should be construed as prematurely infringing upon the discretion afforded under *Hedrick,* rather, we remand for development of a supportive record and analysis consistent therewith. We therefore conclude that the circuit court erred in failing to conduct a proper analysis pursuant to *Hedrick* and remand for any additional evidentiary development or proceedings as necessary to form the basis of a proper *Hedrick* analysis.[11]

## IV. CONCLUSION

For the reasons set forth above, this Court reverses the April 7, 2015, order of the Circuit Court of Boone County and remands for further proceedings as appropriate.

Reversed and remanded.

---

[10] Moreover, the record is of such a condition that it is difficult, if not impossible, for this Court to make an independent assessment of the *Hedrick* factors. Even the circumstances surrounding Griffy's apprehension in one of the Carolinas—likely one of the most important factors—is completely undeveloped or supported in the record.

[11] As to petitioner's contention that he failed to receive notice of show cause hearing, we likewise find that this issue was insufficiently developed below, but is ultimately rendered moot by our reversal and remand. However, we note petitioner's concession during oral argument that one of the notices sent reached the proper address as provided by petitioner, but was simply "unclaimed." West Virginia Code § 62-1C-9 requires that notice be sent, certified mail, to "his [the surety's] last-known address." This Court has stated that "due process does not require that the method of service absolutely provide a defendant with notice. It is sufficient if it is reasonably calculated to provide such notice." *Hartwell v. Marquez*, 201 W. Va. 433, 440, 498 S.E.2d 1, 8 (1997); *see also Nobles v. Sidiropolis,* 182 W.Va. 217, 387 S.E.2d 122 (1989) (finding refusal to claim certified mail inadequate to defeat notice where statute requires nothing further).

**ISSUED:**  June 3, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II